**Kathleen T. COOK and Robert S. Cook, Plaintiffs-Appellants,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education, and Welfare, Defendant-Appellee.**

**No. 689, Docket 79–6199.**

United States Court of Appeals, Second Circuit.

Submitted Jan. 24, 1980.

Decided Feb. 19, 1980.

Richard J. Arcara, U. S. Atty., W. D. N. Y., Buffalo, N. Y. (Alva West, Asst. U. S. Atty., Buffalo, N. Y., William Kanter, Atty., Dept. of Justice, Washington, D.C., Frank V. Smill, III, Acting Regional Atty., Region II, Dept. of Health, Education, and Welfare, Sherry J. Leiwant, Marla G. Simpson, Asst. Regional Attys., New York City, of counsel), for defendant-appellee.

Robert S. Cook and Kathleen T. Cook, plaintiffs-appellants, pro se.

Before SMITH,* FEINBERG, Circuit Judges, and BRIEANT, District Judge.**

PER CURIAM:

Kathleen T. Cook and her husband, Robert S. Cook, brought this action to challenge the constitutionality of section 203(b) of the Social Security Act, 42 U.S.C. § 403(b), as it applies to persons receiving social security benefits as the spouse of a retired wage earner. Robert Cook was granted full retirement benefits as a retired wage earner, beginning January 1, 1975. Subsequent-

---

* Pursuant to § 0.14 of the Rules of this Court, this appeal is being determined by Judges Feinberg and Brieant who are in agreement on this opinion. Judge Smith, who heard the argument, unfortunately died on February 16, 1980. Prior to his death, Judge Smith voted to affirm and was in agreement with his colleagues on all issues in the case. He did not have the opportunity, however, to see this opinion prior to his death.

** Honorable Charles L. Brieant, District Judge of the Southern District of New York, sitting by designation.

ly, Kathleen Cook was also awarded benefits under section 202(b) of the Act, 42 U.S.C. § 402(b), as the wife "of an individual entitled to old-age . . . benefits." However, due to some post-retirement earnings of Robert Cook, the total benefits that the Cooks were eligible for in 1976 was reduced, and, pursuant to section 203(b), part of this deduction was charged against the benefits Kathleen Cook would otherwise be entitled to receive as the spouse of a retired wage earner.

In their complaint, the Cooks claimed that the statute unconstitutionally discriminated against Kathleen Cook and other similarly situated spouses by reducing their benefits to compensate for excess earnings by the retired wage earner. After a hearing in the United States District Court for the Western District of New York, Chief Judge Curtin concluded that the application of the statute was constitutional and he therefore dismissed the complaint. We affirm that dismissal, since we find no constitutional infirmity in the reduction of spousal benefits to compensate for excess earnings by the retired wage earner.

Under the Act, Kathleen Cook is not independently entitled to social security benefits. Instead, she receives benefits solely because she is married to a retired wage earner who is entitled to benefits by virtue of his pre-retirement contributions to the system. Appellants argue that this statutory scheme unconstitutionally discriminates between those spouses who are retired wage earners and therefore independently entitled to benefits and those spouses, like Kathleen Cook, who receive no credit under the Act for housework and whose entitlement to benefits is therefore contingent upon and affected by the eligibility of their husbands. However, since the social security system is essentially a contributory insurance program rather than a general welfare program, see *Califano v. Boles,* 443 U.S. 282, 99 S.Ct. 2767, 61 L.Ed.2d 541 (1979), it is not irrational for Congress to distinguish between the treatment of these two classes of beneficiaries. Since Kathleen Cook's entitlement to benefits is derived from, rather than independent of, her husband's eligibility, it is not illogical that the benefits paid to both are reduced when Robert Cook's entitlement to full benefits is affected by his post-retirement earnings. We agree with Judge Curtin that the failure to recognize "housework as compensable service . . . is a problem for the Congress to address and not the court."

Judgment affirmed.